IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRED WAYNE GILBERT, | | No. CIV S-09-0209-CMK-P |
|     Plaintiff, | | |
|   vs. | | ORDER |
| SUSAN HERBERT, et al., | | |
|     Defendants. | | |
|                            / | | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

Plaintiff names the following as defendants: Susan Herbert,[1] Claude Finn, C. Wright, M. Fox, J. Simmons, and Bradley. Plaintiff alleges that he was received by the CDCR at the Deuel Vocational Institution ("DVI") on April 21, 2008. He states that, pursuant to procedures enacted by the director of the CDCR, plaintiff was given a "3355-(a) medical examination" upon his arrival and found to be clear of any chronic diseases. He adds:

> On April 21, 2008, plaintiff was subjected to poor sanitation, an unconstitutional medical system, poor health care, and prison over-crowding which was the primary cause of the substandard medical care that plaintiff received on May 25, 2008, at DVI.

According to plaintiff, on May 23, 2008, his right foot became infected due to "contagious germs and poor sanitation 'staph poisoning.'" He states that, by May 25th, a toe on his right foot had become swollen, causing him severe pain. Plaintiff claims that, due to the severe pain, he lost consciousness upon standing up in his cell, causing him to fall and injure his head. Plaintiff states that, immediately after he regained consciousness, defendant Wright was notified and became aware of plaintiff's need for medical attention. He adds that defendant Wright stated he would inform the medical staff of his needs.

Plaintiff states that defendants Simmons and Bradley, who are prison medical personnel, were made aware of his medical needs but nonetheless failed to "provide prompt medical treatment. . . ." It is unclear whether plaintiff was provided medical treatment on May 25, 2008, but plaintiff claims that he was hospitalized on May 28, 2008, as a result of the alleged delay in providing treatment.

---

[1] Plaintiff names Susan Herbert, who he states was the "Director of Corrections of the California Department of Corrections" at the time of the events outlined in the complaint. Plaintiff subsequently filed a request to substitute Matthew Cate, who is the current Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). The request will be denied. Plaintiff's complaint claims constitution violations as a result of policies allegedly instituted by defendant Herbert during her tenure. It does not allege any conduct by Cate, nor could it because he was not the Secretary of the CDCR during the times relevant to this action. Because plaintiff does not seek prospective injunctive relief, it is not necessary for this action to proceed as against the current Secretary of the CDCR.

He claims that defendant Fox, the chief medical officer, is liable for failing to properly train defendants Simmons and Bradley. He states that defendant Wright is responsible for failing to ensure that plaintiff received proper medical care. According to plaintiff, defendants Cate and Finn are responsible by virtue of their roles as director of the CDCR and prison warden, respectively. Specifically, he claims that the director of the CDCR maintained policies which resulted in inadequate medical treatment in California's prisons, including DVI, and that defendant Finn, as the warden at DVI, was aware of the "obviously deficient" conditions.

The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs. Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. The court authorizes service on the following defendant(s):

   HERBERT,

   FINN,

   WRIGHT,

   FOX,

   SIMMONS, and

   BRADLEY;

2. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the complaint; and

///

1      3.     Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

       a.     The completed Notice of Submission of Documents;

       b.     One completed summons;

       c.     Six completed USM-285 form(s); and

       d.     Seven copies of the endorsed complaint.

DATED: February 19, 2009

                                                /s/ Craig M. Kellison
                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED WAYNE GILBERT,                        No. CIV S-09-0209-CMK-P

      Plaintiff,

  vs.

SUSAN HERBERT, et al.,

      Defendants.

_____/

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

    Plaintiff hereby submits the following documents in compliance with the court's order:

      __1__    completed summons form;

      ____    completed USM-285 form(s); and

      ____    copies of the complaint.

DATED: _____                        _____

                                                    Plaintiff